UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>FRANKIE ROBINSON BUTLER AND<br>MICHAEL ANTHONY BELL<br><br>Defendant. | Case No. CR06-0301RSL<br><br>ORDER DENYING DEFENDANTS'<br>MOTION TO SUPPRESS |

## I. Introduction

This matter comes before the Court on defendant Frankie Robinson Butler's "Motion to Suppress." (Dkt. # 21). He is joined in this motion by co-defendant Michael Anthony Bell. (Dkt. # 45). Butler has been charged with "felon in possession of a firearm," in violation of 18 U.S.C. § 922(g)(1). Butler and Bell have been charged with "possession of cocaine base with intent to distribute," in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). Defendants contend that the firearm and narcotics seized from Butler's vehicle by Seattle police officers were the result of an unlawful search, and should be excluded under the Fourth Amendment. The Government argues the evidence is admissible because the officers obtained it during a search incident to a lawful arrest.

ORDER DENYING DEFENDANTS'
MOTION TO SUPPRESS- 1

## II. Background

On January 29, 2006 at 11:37 p.m., Seattle Police Department ("SPD") Officer Brooks stopped a Chevrolet Tahoe for making a left-hand turn without signaling and for parking east of the intersection, blocking traffic and access to a driveway. Within moments, SPD Officers Nadell and Martinez, aware that Officer Brooks was working alone, arrived at the scene in one car to assist him.

Officer Brooks contacted the driver (later identified as Butler), while Officer Nadell contacted the passenger (later identified as Bell). Officer Brooks noticed that neither the driver nor the passenger was wearing their seatbelt, so he requested Butler's and Bell's identification to issue them a citation. Butler and Bell told the officers they had no identification with them and identified themselves verbally. Butler gave Officer Brooks his name and date of birth, which Brooks ran through a computer. The computer confirmed Butler had a valid license and also indicated he had a prior felony conviction. Bell told Officer Nadell his name was "Taurrus M. Elliott" and his date of birth was October 17, 1977. The computer returned no record of this name.[1] Bell restated the name but changed the spelling and the birth date. Again finding no record, Nadell ran different versions of the name and birth dates provided by Bell, and discovered an outstanding warrant for a person with one version of that name. Suspicious that Bell had falsely identified himself, Nadell arrested him at approximately 11:45 for providing false information.[2]

Officer Brooks and Officer Martinez then searched the Tahoe and found a loaded gun in a black bag behind the driver's seat. Officer Brooks arrested Butler for being a felon in possession of a firearm and placed him in a police car. Butler admitted to Officer Brooks the

---

[1] The Washington Department of Licensing ("DOL") database is one of several databases the computer searches. Officer Nadell testified that the DOL database returns a record for all valid names, even if the person does not have a driver's license.

[2] Bell eventually provided his true name. When Nadell ran it through the computer at 12:05, he found an outstanding warrant for Bell.

ORDER DENYING DEFENDANTS'
MOTION TO SUPPRESS- 2

Tahoe was his, and upon Brooks's request, allegedly agreed to let the officers continue searching it.  Brooks then rejoined Officer Martinez at the car, and a search of the center console revealed Bell's cell phone, three baggies of cocaine, and bundles of cash totaling $3,400.  During the drive to the precinct, Butler admitted the black bag was his, but denied ownership of the gun.  SPD later discovered the gun had been reported stolen, but Butler denied having stolen it.

### III.  Discussion

The Court finds that the search of Butler's Chevy Tahoe conducted by SPD officers was lawful, and the evidence seized during this search is admissible at trial.  Although the Court is concerned about certain aspects of the stop and the search, the Court is satisfied from the evidence that the officers had a right to be where they were, do what they did, and find what they found.

The officers lawfully stopped Butler's vehicle and requested identification.  Seattle law requires drivers to use turn signals.  Seattle Municipal Code 11.55.260.  Because Butler failed to use his signal when making a left-hand turn, Officer Brooks had a right to stop and contact him.  Seattle local laws also require drivers and passengers to wear seatbelts.  Seattle Municipal Code 11.58.198.  Observing both violations, the officers had the right to request Butler and Bell's identification in order to issue citations.

Second, Officer Nadell lawfully arrested Bell for providing false identification.  Washington law makes it a gross misdemeanor to make "a false or misleading statement to a public servant."  RCW 9A.76.175.  Bell gave Officer Nadell a name and birth date that when run through the police computer system returned no matches.  When confronted with this information Bell changed the spelling of his name and provided a different birth date.  Again, the computer found no matches.  Based on this information, Nadell had probable cause to arrest Bell for making false statements.  The fact that Nadell found a related warrant for a person with

ORDER DENYING DEFENDANTS'
MOTION TO SUPPRESS- 3

one version of the name given by Bell is irrelevant. Nadell had a sufficient basis to arrest Bell based purely on his false identification.

Because Officer Nadell lawfully arrested Bell, the officers had authority to search the Tahoe incident to Bell's arrest. When police make a lawful arrest, they may contemporaneously search the arrested person and the area within that person's immediate control. Chimel v. California, 395 U.S. 752, 762-63 (1969). The scope of a search incident to arrest extends to the passenger compartment of a vehicle, including containers found within the passenger compartment. New York v. Belton, 453 U.S. 454, 460-61 (1981). Officer Brooks and Officer Martinez searched the Tahoe incident to Bell's arrest and found a firearm in a bag behind the driver's seat. Having learned Butler was a convicted felon, the officers lawfully seized the weapon and arrested him. After Butler's arrest, they found and lawfully seized a cell phone, narcotics, and bundles of cash from the center console.

The Court refuses to find consent for the search. The Court bases its decision solely on the actions the officers were entitled to take—arresting Bell and conducting a search incident to that arrest.

## IV. Conclusion

For the foregoing reasons, the Court DENIES both defendants' "Motion to Suppress." (Dkt. # 21). Evidence seized from Butler's car by Seattle Police Department Officers on January 29, 2006 is admissible at trial against both defendants.

DATED this 23rd day of January, 2007.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANTS'
MOTION TO SUPPRESS- 4